**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 22-4631

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

FRANCIS DAVID SHERMAN, SR., a/k/a Robert Copeland Shields

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Newport News.  Roderick Charles Young, District Judge.  (4:21-cr-00051-RCY-RJK-1)

Submitted:  August 31, 2023                          Decided:  November 21, 2023

Before HARRIS, RICHARDSON, and QUATTLEBAUM, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  Geremy C. Kamens, Federal Public Defender, Frances H. Pratt, Assistant Federal Public Defender, Lindsay Jo McCaslin, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Alexandria, Virginia, for Appellant. Jessica D. Aber, United States Attorney, Richmond, Virginia, Jacqueline R. Bechara, Assistant United States Attorney, Alexandria, Virginia, Devon E.A. Heath, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Newport News, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

After a bench trial, Francis David Sherman, Sr., was convicted of escape from custody, in violation of 18 U.S.C. § 751(a), and failure to register and update a Sex Offender Registration, in violation of 18 U.S.C. § 2250. Sherman's Sentencing Guidelines range was 33 to 41 months' imprisonment. The district court sentenced Sherman to 75 months' imprisonment, an upward variance. On appeal, Sherman asserts that the sentence is procedurally and substantively unreasonable. We affirm.

"We review a sentence for reasonableness 'under a deferential abuse-of-discretion standard.'" *United States v. McCoy*, 804 F.3d 349, 351 (4th Cir. 2015) (quoting *Gall v. United States*, 552 U.S. 38, 41 (2007)). This encompasses the sentence's procedural and substantive reasonableness. *Gall*, 552 U.S. at 51. Factual findings are reviewed for clear error, which arises when "a reviewing court . . . is left with the definite and firm conviction that a mistake has been committed." *United States v. Span*, 789 F.3d 320, 325 (4th Cir. 2015) (internal quotation marks omitted). After all, "[t]he sentencing judge is in a superior position to find facts and judge their import . . . . The judge sees and hears the evidence, makes credibility determinations, has full knowledge of the facts and gains insights not conveyed by the record." *Gall*, 552 U.S. at 51.

In determining procedural reasonableness, we must consider whether the district court properly calculated the Guidelines range, treated the Guidelines as advisory rather than mandatory, allowed the parties to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) sentencing factors, selected a sentence not based on clearly erroneous facts, and sufficiently explained the chosen sentence. *Id*. at 49-51. Congress has directed

2

that "[n]o limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence." 18 U.S.C. § 3661. "It is well established that a court may, for purposes of sentencing, consider any relevant information before it, including uncorroborated hearsay, provided that the information has sufficient indicia of reliability to support its accuracy." *United States v. Mondragon*, 860 F.3d 227, 233 (4th Cir. 2017) (internal quotation marks omitted); *see also United States v. Powell*, 650 F.3d 388, 392 (4th Cir. 2011) (court may consider information that has "sufficient indicia of reliability to support its accuracy" (internal quotation marks omitted)); U.S. Sentencing Guidelines Manual § 6A1.3(a), p.s. (2021) ("court may consider relevant information without regard to its admissibility under the rules of evidence applicable at trial, provided that the information has sufficient indicia of reliability to support its probable accuracy"). We conclude that there was no error in the district court's consideration of Sherman's post-trial conduct while awaiting sentencing. *See* 18 U.S.C. § 3661. We also conclude that the court sufficiently explained the chosen sentence.

"When considering the substantive reasonableness of a prison term, we examine the totality of the circumstances to see whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." *United States v. Arbaugh*, 951 F.3d 167, 176 (4th Cir. 2020) (internal quotation marks omitted); *see also Gall*, 552 U.S. at 59-60 (appellate court must give "due deference" to a district court's "reasoned and reasonable decision that the § 3553(a) factors, on the whole, justified

3

the sentence"). A sentence must be "sufficient, but not greater than necessary," to satisfy the goals of sentencing. 18 U.S.C. § 3553(a).

In reviewing a sentence above the Guidelines range, we "consider whether the sentencing court acted reasonably both with respect to its decision to impose such a sentence and with respect to the extent of the divergence from the sentencing range." *United States v. Washington*, 743 F.3d 938, 944 (4th Cir. 2014) (internal quotation marks omitted). "While a district court's explanation for the sentence must support the degree of the variance, it need not find extraordinary circumstances to justify a deviation from the Guidelines." *United States v. Spencer*, 848 F.3d 324, 327 (4th Cir. 2017) (citation and internal quotation marks omitted). Because our review is ultimately for an abuse of discretion, we accord "due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *United States v. Zuk*, 874 F.3d 398, 409 (4th Cir. 2017) (internal quotation marks omitted). Even if we "might reasonably conclude that a different sentence is appropriate, that conclusion, standing alone, is an insufficient basis to vacate the district court's chosen sentence." *Id*. (cleaned up). "[V]ariant sentences are generally reasonable when the reasons justifying the variance are tied to § 3553(a) and are plausible." *United States v. McKinnie*, 21 F.4th 283, 292 (4th Cir. 2021) (internal quotation marks omitted), *cert. denied*, 142 S. Ct. 2798 (2022). We conclude that the district court's upward variant sentence is justified by the court's reference to the § 3553(a) sentencing factors.

Accordingly, we affirm the judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*